**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jesus CRUZ–MURILLO, Defendant—
Appellant.**

**No. 06–50017.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2007.*

Filed Nov. 28, 2007.

Alessandra P. Serano, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jesus Cruz–Murillo, Terminal Island Federal Prison, Gretchen Fusilier, Esq., Carlsbad, CA, for Defendant–Appellant.

Jesus Cruz–Murillo, Adelanto, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.   R.App. P. 34(a)(2).

Before: KOZINSKI, TASHIMA, and McKEOWN, Circuit Judges.

MEMORANDUM **

Jesus Cruz–Murillo appeals the district court's judgment of conviction following his plea of guilty to one count of knowingly and intentionally importing more than five kilograms of cocaine, and one count of knowingly and intentionally possessing more than five kilograms of cocaine with intent to distribute. Cruz–Murillo conditioned his guilty plea on the right to appeal the district court's denial of his suppression motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Cruz–Murillo's notice of appeal was filed on December 29, 2005, more than 10 days after the district court's entry of judgment on December 12, 2005. However, Cruz–Murillo deposited his notice of appeal in the prison's legal mailbox on December 16, 2005. Because Cruz–Murillo delivered his notice of appeal to prison authorities for forwarding to the clerk of the district court within the requisite period, his appeal was timely. *See Houston v. Lack,* 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

■ Cruz–Murillo contends that his detention at the border was an illegal arrest because it was not supported by probable cause. Whether an investigatory detention becomes an arrest requiring probable cause is a question of law we review de novo. *United States v. Thompson,* 282 F.3d 673, 676 (9th Cir.2002). A border detention only becomes an arrest if the circumstances would lead a reasonable innocent person to "believe that he is being subjected to more than the temporary detention occasioned by border crossing formalities." *United States v. Bravo,* 295 F.3d 1002, 1009 (9th Cir.2002) (citation and quotation marks omitted). We have previously held that momentary handcuffing and temporary detention incident to a vehicle search at the border do not constitute an arrest. *See United States v. Nava,* 363 F.3d 942, 945–46 (9th Cir.2004); *Bravo,* 295 F.3d at 1011–12. Therefore, the district court correctly determined that no level of individualized suspicion was required.[1]

■ Cruz–Murillo also argues that the district court erred by failing to suppress statements made to investigators following a *Miranda* warning.[2] He contends that his *Miranda* waiver was involuntary, and, even if valid, stemmed from his illegal arrest. We review the adequacy of a *Miranda* warning and the voluntariness of a suspect's statements de novo. *See United States v. Williams,* 435 F.3d 1148, 1151 (9th Cir.2006). As an officer read to Cruz–

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Cruz–Murillo's brief also challenges the legality of the search of his vehicle. The government notes that Cruz–Murillo failed to raise this argument at the suppression hearing. We need not determine whether Cruz–Murillo waived his right to raise this issue on appeal, because even if the search was non-routine, reasonable suspicion was not required under the facts of this case. Border patrol agents needed reasonable suspicion only if their search of Cruz–Murillo's car was so destructive that it affected the "operability" of the vehicle. *United States v. Cortez–Rivera,* 454 F.3d 1038, 1042–43 (9th Cir. 2006). Because Cruz–Murillo does not contend that the search damaged his car, reasonable suspicion was not required.

2. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Murillo his *Miranda* rights, Cruz–Murillo interjected that he wanted an attorney. Soon thereafter, however, he told the investigating officers that he wanted to tell his side of the story, and formalized his request in writing. Under *Edwards v. Arizona,* an accused, having invoked his right to counsel, "is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." 451 U.S. 477, 484–85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Nothing in the record indicates that Cruz–Murillo's initiation of communication was not made knowingly, voluntarily, and intelligently. Further, as discussed above, Cruz–Murillo's statements did not follow an illegal arrest. Therefore, there was no error in denying the motion to suppress.

The judgment of the district court is **AFFIRMED.**